IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOSEPH A COYLE,       )<br>    Plaintiff,         )<br>                      )<br>v.                    )   CIVIL ACTION NO. 2:23-00473-KD-N<br>                      )<br>MARTIN O'MALLEY,      )<br>*Commissioner of Social Security*,[1]  )<br>    Defendant.        )   | |

### ORDER

This civil action is before the Court on the motion for leave to proceed without prepayment of fees and costs, or *in forma pauperis* ("IFP"), under 28 U.S.C. § 1915 (Doc. 2) filed by the Plaintiff, **JOSEPH A COYLE**. The assigned District Judge has referred said motion to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (12/18/2023 electronic reference notation).

As the Plaintiff's counsel acknowledges (*see* Doc. 2, PageID.6-7), the Plaintiff's

---

[1] Martin O'Malley was recently confirmed as Commissioner of Social Security (*see* https://www.kiplinger.com/retirement/social-security/omalley-to-be-social-securitys-new-commissioner (last visited 12/20/2023), and began his term of service today (*see* https://www.ssa.gov/history/commissioners.html (last visited 12/20/2023)). Accordingly, O'Malley is automatically substituted for former Acting Commissioner Kilolo Kijakazi as the party defendant in this action under Federal Rule of Civil Procedure 25(d), and this change does not affect the pendency of this action. See 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office."). The Clerk of Court is **DIRECTED** to update the title of this case on the docket accordingly.

IFP declaration (Doc. 2-1), which is on this Court's form IFP motion and is in substantial compliance with 28 U.S.C. § 1746, leaves many requests for information blank.² The information provided in the present IFP motion is insufficient for the Court to make an informed IFP determination. For the Court to do so, the Plaintiff must provide clear, good-faith, affirmative answers to all requests for information in the form IPF motion (even if the answer is "0," "N/A," etc.). *See* S.D. Ala. GenLR 84 ("The forms in the Appendix [to the Local Rules, which include the Court's form IFP,] suffice under these Local Rules and illustrate the information that the Court deems necessary in those situations applicable to each form."); *Thomas v. Chattahoochee Judicial Circuit*, 574 F. App'x 916, 917 (11th Cir. 2014) (per curiam) (unpublished)³ ("A court may not deny an IFP motion without first comparing the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." (citing *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307-08 (11th Cir. 2004) (per curiam)).

Additionally, the current IFP motion indicates that the Plaintiff lives with his

---

² Counsel explains this deficiency as follows: "Plaintiff has made in the Affidavit a general averment that he lives with his aunt and uncle who pay his bills. This court may or may not find the general averment sufficient. Because the Affidavit is only partially complete, counsel is seeking an amended, more complete affidavit to file with this motion. However, that affidavit has not yet been forthcoming due to practical difficulties in communication between counsel's office and Plaintiff. If the Court has not ruled on this motion by the time the updated Affidavit is received, counsel will file an amended motion to proceed in forma pauperis. Counsel files this version now so the motion may accompany the Complaint which is up against its filing deadline." (Doc. 2, PageID.7).

³ In this Circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

aunt and uncle, and that they are his primary means of support. Therefore, the Plaintiff must also provide relevant information about those individuals' financial condition (e.g., income, assets, debts & expenses). This is because "[t]he question under 28 U.S.C. § 1915 is whether the litigant is 'unable to pay' the costs, and the answer has consistently depended in part on [the] litigant's actual ability to get funds from a spouse, a parent, an adult sibling, or other next friend." *Williams v. Spencer*, 455 F. Supp. 205, 209 (D. Md. 1978); *see Fridman v. City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) ("In assessing an application to proceed *in forma pauperis*, a court may consider the resources that the applicant has or 'can get' from those who ordinarily provide the applicant with the 'necessities of life,' such as 'from a spouse, parent, adult sibling or other next friend.' . . . If it appears that an applicant's 'access to [ ] court has not been blocked by his financial condition; rather [that] he is "merely in the position of having to weigh the financial constraints imposed if he pursues [his position] against the merits of his case,"' then a court properly exercises its discretion to deny the application."); *Sellers v. United States*, 881 F.2d 1061, 1063 (11th Cir. 1989) (per curiam) (funds "derived from family sources" are relevant to IFP determination); *Wilson v. Sargent*, 313 F.3d 1315, 1319-20 (11th Cir. 2002) (per curiam) (same).[4] "Federal Courts have frequently

---

[4] Most cases considering the ability of someone else to pay these costs for a putative pauper focus on whether those costs can be borne by a close family member—such as a spouse, parent, an adult sibling, or other next friend. *E.g., Williams*, 455 F. Supp. at 209; *see also Pisano v. Astrue*, Civil Action No. 11–30269–KPN, 2012 WL 79188, at *2 (D. Mass. Jan. 10, 2012) ("A number of courts have come to the same conclusion that the income and resources of a spouse, if not other close

recognized that, for purposes of determining IFP eligibility, it is appropriate to consider any support that an IFP applicant might receive from a spouse, or from ***any other individual***." *Ginters v. Frazier*, Civ. No. 07-4681 (JMR/RLE), 2008 WL 314701, at *2 n.1 (D. Minn. Feb. 4, 2008) (emphasis added); *accord Fridman*, 195 F. Supp. 2d at 537; *Williams*, 455 F. Supp. at 208-09; *Akkaraju v. Ashcroft*, No. 03 C 6447, 2003 WL 22232969, at *1 (N.D. Ill. Sept. 26, 2003) ("In evaluating the funds available to *in forma pauperis* movants, courts may consider the income or resources of interested persons, such as spouses and parents." (citation omitted)).

Upon due consideration, the Plaintiff is **ORDERED** to, no later than **JANUARY 19, 2024**, *either*:

---

family members as well, are relevant to the determination of indigency under 28 U.S.C. § 1915.") (collecting cases); *but see Fridman*, 195 F. Supp. 2d at 537 ("In assessing an application to proceed *in forma pauperis*, a court may consider the resources that the applicant has or 'can get' from ***those who ordinarily provide the applicant with the 'necessities of life,'*** such as 'from a spouse, parent, adult sibling or other next friend.'" (emphasis added)), *Ginters v. Frazier*, Civ. No. 07-4681 (JMR/RLE), 2008 WL 314701, at *2 n.1 (D. Minn. Feb. 4, 2008) ("Federal Courts have frequently recognized that, for purposes of determining IFP eligibility, it is appropriate to consider any support that an IFP applicant might receive from a spouse, or from ***any other individual***." (emphasis added)), *and Akkaraju v. Ashcroft*, No. 03 C 6447, 2003 WL 22232969, at *1 (N.D. Ill. Sept. 26, 2003) ("In evaluating the funds available to *in forma pauperis* movants, courts may consider the income or resources of ***interested persons***, such as spouses and parents." (citation omitted and emphasis added)).

The undersigned requires this inquiry when it appears likely that a plaintiff's primary means of support is through such an individual. *Cf. Escobedo v. Applebees*, 787 F.3d 1226, 1228 (9th Cir. 2015) ("[I]t is an abuse of discretion to deny an IFP application based upon a spouse's financial resources, unless there is a reasonable inquiry into (a) whether the spouse's resources are actually available to the would-be plaintiff and (b) whether the spouse in fact has sufficient funds, given his or her own expenses, to assist in paying the fee.").

1. pay to the Clerk of Court the $402 in filing and administrative fees for this civil action; *or*

2. complete and file an amended IFP motion using this Court's form (available at:https://www.alsd.uscourts.gov/sites/alsd/files/forms/IFPMotion-localAO240.pdf) that (a) provides clear, good-faith, affirmative answers to all requests for information, and (b) provides sufficient relevant information about the financial condition of the Plaintiff's aunt and uncle who provide him shelter and support.

The failure to comply with this order may result in entry of a recommendation to the Court that the Plaintiff be denied leave to proceed IFP in this action, and that this action be dismissed without prejudice for failure to prosecute and obey the Court's orders unless the Plaintiff pays the filing fee within the time period for objections to the recommendation. *See Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005) (holding that a district court may dismiss an action for failure to prosecute and obey a court order under both Federal Rule of Civil Procedure 41(b) and the court's inherent power to manage its docket); *Woods v. Dahlberg*, 894 F.2d 187, 187 (6th Cir. 1990) (per curiam) (denial of IFP motion is "the functional equivalent of an involuntary dismissal"); *Escobedo v. Applebees*, 787 F.3d 1226, 1228 (9th Cir. 2015) ("Obviously, if an IFP application is submitted with the complaint in lieu of the filing fee, and the application is thereafter denied, the district court will be free to dismiss the complaint if the fee is not paid within a reasonable time following the denial.").

**DONE** and **ORDERED** this the **20th** day of **December 2023.**

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**