### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | |
|---|---|
| JOSEPH A COYLE, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. 2:23-00473-KD-N |
| | ) |
| MARTIN O'MALLEY, | ) |
| *Commissioner of Social Security*, | ) |
|     Defendant. | ) |

### ORDER

This civil action is before the Court on the amended motion for leave to proceed without prepayment of fees and costs, or *in forma pauperis* ("IFP"), under 28 U.S.C. § 1915 (Doc. 5) filed by the Plaintiff, **JOSEPH A COYLE**, in response to the Court's prior order (Doc. 3) noting deficiencies in his initial IFP motion (Doc. 2). The assigned District Judge has referred said motion to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (1/22/2024 electronic reference notation).

Upon due consideration, the undersigned notes the following deficiencies in the amended IFP motion:

1. The amended motion fails to "provide[s] sufficient relevant information about the financial condition of the Plaintiff's aunt and uncle who provide him shelter and support[,]" as directed by the Court's previous order (Doc. 3, PageID.16).

2. The pages of supplemental information submitted with the amended motion have not been separately verified either in the form of an affidavit, *see* 28 U.S.C. § 1915(a) (requiring an IFP movant to submit "an affidavit that includes a

statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor"),[1] or an unsworn declaration made in conformance with 28 U.S.C. § 1746. The Plaintiff's date and signature verifying only the information in the initial IFP motion is insufficient to verify this later-provided information.

The present motion describes difficulties that the Plaintiff's counsel has had in communicating with his client and obtaining a new IFP motion in conformance with the Court's prior order,[2] and asks in the alternative that the Court "grant an additional 30 days to comply with the Court's order of December 20, 2023." (Doc. 5, PageID.22). This alternative request is **GRANTED**, and the Plaintiff is **ORDERED** to, no later than **FEBRUARY 23, 2024**, *either*:

1. pay to the Clerk of Court the $405 in filing and administrative fees for this civil action;[3] *or*

2. complete and file a second amended IFP motion using this Court's form (https://www.alsd.uscourts.gov/sites/alsd/files/forms/IFPMotion-localAO240.pdf)

---

[1] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (per curiam).

[2] "There is no question that proceeding *in forma pauperis* is a privilege, not a right," *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986), and "should not be a broad highway into the federal courts." *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (per curiam). Therefore, it is incumbent upon the Plaintiff to cooperate with his counsel to ensure the Court is provided with all pertinent information so that it can make an informed IFP determination.

[3] This action was initiated on December 15, 2023. Effective December 1, 2023, the combined filing fee for civil cases in this Court was increased from $402 to $405. *See* https://www.alsd.uscourts.gov/sites/alsd/files/forms/Fee_Schedule.pdf

that complies with the directives in the Court's December 20 order (Doc. 3) and also addresses the deficiencies noted above.

The failure to comply with this order may result in entry of a recommendation to the Court that the Plaintiff be denied leave to proceed IFP in this action, and that this action be dismissed without prejudice for failure to prosecute and obey the Court's orders unless the Plaintiff pays the filing fee within the time period for objections to the recommendation. *See Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005) (holding that a district court may dismiss an action for failure to prosecute and obey a court order under both Federal Rule of Civil Procedure 41(b) and the court's inherent power to manage its docket); *Woods v. Dahlberg*, 894 F.2d 187, 187 (6th Cir. 1990) (per curiam) (denial of IFP motion is "the functional equivalent of an involuntary dismissal"); *Escobedo v. Applebees*, 787 F.3d 1226, 1228 (9th Cir. 2015) ("Obviously, if an IFP application is submitted with the complaint in lieu of the filing fee, and the application is thereafter denied, the district court will be free to dismiss the complaint if the fee is not paid within a reasonable time following the denial.").

**DONE** and **ORDERED** this the **1st** day of **February 2024.**

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**